IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LAWRENCE J. HARDGE                                                              PLAINTIFF

VS.                                                      CIVIL ACTION NO. 3:04CV437LN

CHRISTOPHER EPPS, PETER WALKER,
CLIFTON KAHO, Captain, GINA
BRINKLEY, Nurse and MAMIE CAIN                                             DEFENDANTS

## ORDER

This cause is before the court on Sheriff Peter Walker, Clifton Kaho and Glinda Brinkley's Motion for Clarification, Motion to Reopen Discovery and Motion to Establish Deadlines, as well as the Plaintiff's Motion to Deny Re-Open of Discovery. The request for clarification is related to the court's Omnibus Order, which contains the standard language regarding medical records. That language is designed to prevent the necessity of having medical personnel testify about records that are self-evident. There is nothing in that language to suggest that the burden of proof as to the ultimate issues of the case have shifted.

These Defendant also seek to re-open discovery. Although these Defendants were served with summonses some time prior to filing their Answer on December 17, 2004, they did not retain their current counsel until after the May 13, 2005, omnibus hearing. While the court has traditionally given parties extensions of time to meet deadlines when they change attorneys, it has refused to undo prior proceedings or to permit the new attorney to begin discovery anew. In this case, however, the Plaintiff has complained in his Motion that he has not received all of the medical records to which he is entitled. Thus, the court agrees with these Defendants that reopening discovery for the limited purpose of allowing them to subpoena any relevant medical records would benefit all of the parties,

as well as the court. Therefore, that request will be granted, subject to the following conditions. The Defendants are to follow the provisions of Fed. R. Civ. P. 45, which includes giving the Plaintiff adequate advance notice of any subpoenas issued, so that he has an opportunity to object to any that he believes are seeking privileged medical information not relevant to this matter. Given the vagaries of the MDOC mail system, the court is of the opinion that such subpoenas should be sent to the Plaintiff at least twenty days prior to the date specified for compliance.

Medical records requested should be limited to those involving treatment of the Plaintiff from the time he entered the custody of MDOC to the present, or any earlier medical records involving treatment of the Plaintiff's eyes. Any documents received by these Defendants must be copied and forwarded to Plaintiff immediately upon receipt. Likewise, if the Plaintiff has any documents relevant to the issues of this lawsuit that were not provided to him by the Defendants in this matter, he should send a copy of those documents to counsel for the Defendants on or before February 14, 2006.

This matter will be set for trial on the calendar that begins on May 1, 2006. There will be no pretrial conference, as the omnibus hearing was held in lieu of such a conference, as stated in the Omnibus Order. The parties should designate expert witnesses, if any, by March 31, 2006, and exchange final witness and exhibit lists by April 17.

IT IS, THEREFORE, ORDERED that Sheriff Peter Walker, Clifton Kaho and Glinda Brinkley's Motion for Clarification, Motion to Reopen Discovery and Motion to Establish Deadlines, as well as the Plaintiff's Motion to Deny Re-Open of Discovery are hereby **granted** in part and **denied** in part, as explained above.

IT IS FURTHER ORDERED that the parties designate expert witnesses by March 31, 2006, and shall exchange final witness and exhibit lists by April 17, 2006. This matter will be tried before the Honorable Tom S. Lee on the calendar that commences on May 1, 2006.

IT IS SO ORDERED, this the 25th day of January, 2006.

                                        S/Alfred G. Nicols, Jr.
                                  UNITED STATES MAGISTRATE JUDGE