IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**LAWRENCE J. HARDGE**                                                                                   **PLAINTIFF**

**VS.**                                                                          **CIVIL ACTION NO. 3:04CV437LS**

**CHRISTOPHER EPPS,** *ET AL.*                                                              **DEFENDANTS**

## ORDER

This matter came before the court on two recent pleadings filed by the parties in this matter. The first is a rebuttal pleading filed by the Plaintiff in support of a Motion to Compel that was denied by an Order entered on April 5, 2006. In this pleading, the Plaintiff argues that he still has not received certain documents that he sought during the discovery process. The Motion to Compel was denied on the Defendants' representation that they had sent to the Plaintiff all of the documents that he requested, insofar as they had those documents. The court must take that representation as being accurate, as counsel for the Defendants are officers of the court. Nevertheless, the court requests that counsel for the Defendants review the documents served on the Plaintiff to insure that copies of all sick call requests from January, 2002, through December, 2004, have been sent to him, as well as his complete inmate file and the report of the investigation to which the Plaintiff refers in his rebuttal. Once counsel for **all** of the Defendants reports to the court that this review has been completed, and all responsive documents produced, the court will not entertain any more requests for documents related to the Plaintiffs' medical claims.

The Plaintiff has also requested "all documents, minutes, notes" related to his parole and house arrest hearings. He claims that the Defendants have retaliated for his bringing his medical claims by placing false information in his files. In the initial phase of this case, Hardge pressed for

this court to order that he be placed on house arrest, which is beyond the bounds of the court's authority. The court will not sanction any attempt by the Plaintiff to circumvent that ruling by bringing speculative or conclusory charges about his parole hearings. Hardge should have in his possession documents reflecting the outcome of any parole hearing that he has attended. Unless he can demonstrate to the court from that information that the Parole Board relied on false information that likely came from the Defendants, further discovery will not be ordered on this issue.

Finally, the Defendants associated with the Jefferson Franklin County Correctional Facility have recently filed a rebuttal pleading relative to their Motion for Summary Judgment Based on Qualified Immunity. A Report and Recommendation was entered on that Motion on October 12, 2005, recommending denial of summary judgment. All of the Defendants submitted Objections to that Report and Recommendation; however Judge Lee adopted it by an Order entered on October 31, 2005. The rebuttal pleading recently submitted by the JFCCF Defendants makes essentially the same arguments as in their Objections. As those issues have already been decided by the court, no further action will be taken on this submission.

IT IS, THEREFORE, ORDERED that the Defendants review their discovery submissions, as further described above, on or before May 8, 2006, and make a brief report to the court by that date as to the outcome of that review.

IT IS SO ORDERED, this the 17th day of April, 2006.

                                              S/James C. Sumner
                                  UNITED STATES MAGISTRATE JUDGE